# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. CR-15-18-R |
| | ) | CIV-19-594-R |
| DAMIONION TYRONE TITTIES, | ) | |
| Defendant. | ) | |

## ORDER

This matter comes before the Court on Defendant's Motion to Vacate or Modify Sentence Under 28 U.S.C. § 2255. Defendant is incarcerated and appears *pro se*. The Court previously entered an Order requiring Defendant to show cause why the case should not be dismissed as untimely as it appeared from the face of the motion that the one-year time limit for filing such motion had expired. Having received Defendant's response (Doc. No. 117), the Court finds as follows.

By Indictment Defendant was charged with possession with intent to distribute methamphetamine and being a felon in possession of a firearm. A Superseding Information was filed on August 11, 2015, asserting a single count, felon in possession of a firearm. Pursuant to a plea agreement, Defendant pleaded guilty to this single count on August 19, 2015. The Court accepted the plea and sentenced Defendant to 188 months' imprisonment. Defendant appealed and on March 24, 2017, the Tenth Circuit vacated the Court's judgment and remanded the matter for resentencing, concluding this Court had improperly sentenced Mr. Titties as an Armed Career Criminal under 18 U.S.C. § 924(e)(1). *United*

*States v. Titties*, 852 F.3d 1257 (10th Cir. 2017). On June 12, 2017, the Court re-sentenced Defendant to 120 months imprisonment in accordance with the Tenth Circuit's Order. Defendant appealed the 120-month sentence and on November 14, 2017, the Tenth Circuit entered an order enforcing Defendant's waiver of his appellate rights as set forth in the plea agreement and dismissed his appeal. The Tenth Circuit issued the mandate on December 6, 2017.

Defendant filed the instant § 2255 Motion on June 28, 2019, alleging counsel's assistance was constitutionally ineffective with regard to Defendant's request to withdraw his guilty plea.[1] Defendant asks the Court to reduce his sentence, asserting that a four-level adjustment under 2K2.1(b)(6)(B) was improper upon resentencing, although he also states that but for counsel's ineffective performance he would not have maintained his guilty plea, but rather would have chosen to proceed to trial.

Motions under § 2255 must generally be filed within one year after the defendant's conviction becomes final. *See United States v. McGaughy,* 670 F.3d 1149, 1152 n.1 (10th Cir. 2012) (citing 28 U.S.C. § 2255(f)(1)). A conviction becomes final for purposes of § 2255(f)(1) when the time for filing a petition for certiorari contesting the decision of the appellate court expires, here 90 days after entry of the November 14, 2017 judgment. Thus, Defendant's conviction became final on February 12, 2018 and the one year-year period for filing a § 2255 motion expired on February 12, 2019. Defendant's motion was filed more than four months after expiration of the deadline.

---

[1] Petitioner argues that the court preempted Petitioner from making a statement regarding his desire to withdraw his plea. (Doc. No. 115, p. 5)

The one-year period is subject to both statutory and equitable tolling. In the section of the § 2255 motion addressing timeliness, Defendant essentially conceded that his motion was untimely.

> The 10th Circuit has limited equitable tolling to "rare and exceptional circumstances." *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003). This, because Movant has been steadfast, albeit unsuccessful, in obtaining court documents from [now] adversarial counsel (Michael Reese) for the past year, in which to prosecute § 2255, uncontrollable circumstances prevented Petitioner from timely filing. Juxtaposition this salient fact, Movant's correspondence from counsel (see, letter dated 11-16-17) drew vague inferences, was silent, whether he (counsel) would file 2255. (See also, attached letter to Judge Russell and Motion for Transcripts at Government's Expense).

(Doc. No. 115, p. 12). In response to the Court's Show Cause Order, Defendant asserts that statutory tolling may also be appropriate under § 2255(f)(2) and that he is entitled to equitable tolling.

28 U.S.C. § 2255(f)(2) provides an alternative starting date for the running of the statute of limitations period, from "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action." Although Defendant invokes § 2255(f)(2), none of the facts set forth in the filing indicate a basis for concluding governmental interference with his filing of a § 2255 motion.[2]

---

[2] Defendant does not identify any government-created impediment, nor does he identify a date on which such impediment was removed.

As noted Defendant also asserts that equitable tolling is appropriate. Equitable tolling is available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *United States v. Halcrombe*, 700 F. App'x 810, 815 (10th Cir. 2017). To the extent Defendant complains that lack of access to transcripts and other court records impeded his ability to timely file his motion, the Tenth Circuit has rejected such a contention.

> In any event, this court has repeatedly rejected the argument that difficulty in obtaining trial records constitutes "extraordinary circumstances" justifying equitable tolling. *See, e.g., Levering v. Dowling*, 721 F. App'x 783, 788 (10th Cir. 2018) ("[N]either the difficulty in obtaining trial court transcripts nor [applicant's] limited time in the law library are 'extraordinary circumstances' that would justify the use of equitable tolling."); *Porter v. Allbaugh*, 672 F. App'x 851, 857 (10th Cir. 2016) ("[E]ven if we gave [applicant] the benefit of the equitable-tolling arguments that he advanced before the district court—viz., general difficulties in obtaining trial transcripts and in accessing the prison law library—we would conclude that reasonable jurists would not find debatable the district court's determination that [applicant's] general grievances fail to constitute extraordinary circumstances.").

*Kenneth v. Martinez*, 771 F. App'x 862, 865 (10th Cir. 2019). Accordingly, the lack of access to transcripts and other filings does not provide a basis for equitable tolling.

Defendant also relies on what he asserts were ambiguous statements by court-appointed appellate counsel regarding counsel's intention to file a § 2255 motion on Defendant's behalf. The letter, which accompanied a copy of the order dismissing Defendant's direct appeal because of the waiver contained in his plea agreement, included the following:

> I am sending a copy of The Tenth Circuit's denial and termination of your appeal.
> You may have issues to consider and include in a habeas petition so I would

> encourage you to do so. A motion to vacate, set aside or correct a sentence provided by 28 U.S.C. § 2255 should be filed within one-year from the date of the termination by the Tenth Circuit. . . . . In our discussion if you have claims of ineffective assistance of counsel these must be submitted in a § 2255 petition.
> .

Doc. No. 115-3. Mr. Reese specifically informed Mr. Titties that he would not be seeking re-hearing because he found no basis for doing so. *Id.* The Court previously advised Defendant that it did not read the letter as implying that Mr. Reese intended to file a § 2255 motion on Defendant's behalf, and certainly Mr. Reese's subsequent failure to respond to Defendant's attempts at communication undercuts any reasonable belief that Mr. Reese intended to file a § 2255 motion on his behalf. Furthermore, the letter does not provide "extraordinary circumstances" warranting equitable tolling.

Finally, Defendant makes assertions that could be construed as asserting he is actually factually innocent despite his plea of guilty. In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court held that a claim of actual innocence can overcome the expiration of the statute of limitations for an untimely first habeas application. *See id.* at 396-97. However, "claims of actual innocence are rarely successful." *Schlup v. Delo*, 513 U.S. 298, 324. "[T]enable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggin*, 569 U.S. at 396-97 (quoting *Schlup v. Delo*, 513 U.S. at 329; *see House v. Bell*, 547 U.S. 518, 538, (emphasizing that the *Schlup* standard is "demanding" and seldom met). "The gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the

5

trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' " *McQuiggin*, 569 U.S. at 401, (quoting *Schlup*, 513 U.S. at 316). To be credible, Defendant is required to support his claim of actual innocence "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. Defendant presents no new evidence that would support his position which is required by *McQuiggin* even in the context of a guilty plea. *See United States v. McAbee*, 685 F. App'x 682, 686 (10th Cir. April 20, 2017). Accordingly, Defendant is not entitled to avoid the § 2255(f) statute of limitations via the actual innocence gateway.

Having reviewed Defendant's § 2255 motion and his response to the Court's Order to Show Cause, the Court finds that the motion is untimely and therefore DENIED.

**IT IS SO ORDERED** this 13th day of August 2019.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE